## Bryson et al. v. Collmer, Guardian.

[No. 4,870.   Filed June 2, 1904.   Rehearing denied October 5, 1904.]

CONTRACTS.—*For Benefit of Third Person.*—Where part of the consideration for the conveyance of real estate was an agreement on the part of the grantee to pay a certain sum of money to a third person, such person is entitled, under §251 Burns 1901, to maintain an action for the recovery of the money so agreed to be paid without assignment by the grantor.  *pp. 496, 497.*

INFANTS.—*Limitation of Actions.*—A cause of action in favor of an infant is not barred by the statute of limitations, but such action by reason of §297 Burns 1901 may be brought within two years after the disability of infancy is removed.  *pp. 497, 498.*

GUARDIAN AND WARD.—*Collection of Debts Due Ward.*—A guardian may enforce by suit the collection of all debts due his ward.  *p. 498.*

VENDOR AND PURCHASER.— *Vendor's Lien.*—A vendor's lien is given for the security of the unpaid purchase money of real estate, and, if by consent of the vendor the purchaser is to pay the purchase money to a third person, such creditor may enforce a vendor's lien.  *p. 498.*

Vendor and Purchaser.—*Husband and Wife.—Inchoate Interest of Wife.*—
The right of a woman in land by virtue of her marriage, while it re-
mains inchoate, and after it has become complete by the death of her
husband, is subject to the lien of the husband's grantor for the payment
of the purchase money of the land. *p. 498.*

Same.—*Enforcement.*—A vendor's lien is available against the grantee,
his heirs, devisees, and other immediate successors in interest, and
against all subsequent encumbrancers of the land under the grantee
who are not *bona fide* purchasers for a valuable consideration and with-
out notice. *p. 498.*

From Elkhart Circuit Court; *J. D. Ferrall*, Judge.

Action by George F. Collmer, guardian, against Anna
Z. Bryson and others. From a judgment for plaintiff,
defendants appeal. *Affirmed.*

*J. M. Van Fleet* and *V. W. Van Fleet*, for appellants.

Black, C. J.—In the suit of the appellee as guardian
of Mary Hazel Himes, a minor, against the appellants,
Anna Zeitler Bryson and her husband, Frederick G. Bry-
son, one Mary Zeitler also was made a party defendant.
The court rendered a special finding, and the Brysons,
husband and wife, have separately assigned that the court
erred in its first conclusion of law. Mary Zeitler also as-
signed errors, but the appeal, so far as she is concerned,
has heretofore been dismissed on her motion. It was
specially found, that August 9, 1890, Mary Zeitler was the
owner of certain land, described, in Elkhart county, being
115 acres, and on that day she conveyed this real estate to
her son Henry Zeitler, who then was unmarried and resided
with her in the city of Elkhart. In this conveyance the
grantor reserved to herself a life estate in the land, which
she still retains. In consideration of this conveyance to
him, the grantee agreed with the grantor to pay $1,000
to Mary Hazel Himes, a granddaughter of the grantor,
within one year from that date. Mary Zeitler was not
indebted to Mary Hazel Himes, who was then an infant
one year old, and at the date of the court's finding was
thirteen years old, and the appellee George F. Collmer is

her guardian, duly appointed as such by the court below, January 4, 1902. Henry Zeitler never paid said $1,000 to Mary Hazel Himes, or to any person for her, and if the appellee was entitled to recover in this cause the sum due him was $1,640. August 14, 1892, Henry Zeitler intermarried with the appellant Anna, and November 15, 1897, he died, leaving her his widow and sole heir at law, and she, June 1, 1901, intermarried with her co-appellant Frederick C. Bryson. April 1, 1895, Henry Zeitler and the appellant Anna, then his wife, conveyed the land to one Van Fleet, who the next day conveyed it to Henry Zeitler and Anna Zeitler his wife, as tenants by entireties. These two conveyances were voluntary and wholly without consideration, and, at the time of the execution thereof, Henry Zeitler was wholly insolvent, and so continued until his death. We omit some of the facts not affecting the question before us.

The first conclusion of law—the only one questioned here—was that the appellee was entitled to a vendor's lien on the land, subject to the life estate of Mary Zeitler, and that there was due the appellee, as the amount of that lien, $1,640, and that he have foreclosure of his lien. The theory upon which the appellants base their opposition to this conclusion is that the cause of action upon the promise of Henry Zeitler to pay a portion of the purchase price of the land to Mary Hazel Himes was in Mary Zeitler, his grantor, to whom the promise was made, and that the cause of action remained in Mary Zeitler until after the death of Henry Zeitler, more than six years after the cause of action accrued, and that it thereby became barred by the statute of limitations before his death; and an answer to such effect was filed by the appellants, on which an issue was made.

The right of Mary Hazel Himes to maintain a suit for the enforcement of a grantor's lien was not dependent, as counsel seem to suppose, upon an assignment by the

grantor of such lien, or of a chose in action for a portion of the purchase money. As a part of the contract by which the grantee obtained the legal title, and in consideration of the conveyance thereof, he, by the consent and procurement of the grantor, made his promise to pay a definite and certain sum—being part of the purchase money—to the third person within a specified time. If an indebtedness was thereby created, and an equitable lien upon the land for the payment thereof was enforceable, the lien was an incident of the debt for purchase money, and the right to enforce the lien existed in favor of the person to whom the grantee thus then became indebted, without any further act of the grantor.

Our code (§251 Burns 1901) provides that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section, which provides that an executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted, and that a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. It is settled by numerous decisions that in this State an action upon a contract made for the benefit of a third person may be maintained in his name. *Stevens* v. *Flannagan*, 131 Ind. 122, 129. If, under the former practice, the action upon such a contract could have been maintained, whether in the name of the person to whom the promise for the benefit of the third person was made or by the third person, it may now be maintained in the name of the real party in interest.

Our statute (§297 Burns 1901) provides that any person, being under legal disabilities when the cause of action accrues, may bring his action within two years after the

disability is removed. Though the statute of limitations runs from the time the cause of action accrues, yet, as to persons under legal disabilities, the time for suing is extended. *Barnett* v. *Harshbarger,* 105 Ind. 410. Where a cause of action has accrued to an infant, the action may be maintained if brought within the time thus extended. *Lehman* v. *Scott,* 113 Ind. 76. Our statutes are held to give the guardian the right to enforce by suit the collection of all debts due his ward. *Shepherd* v. *Evans,* 9 Ind. 260; *Wilson* v. *Galey,* 103 Ind. 257, 261; *Kinsley* v. *Kinsley,* 150 Ind. 67.

It is for the securing of payment of the debt for unpaid purchase money that the grantor's lien is given, and if, by the consent of the grantor, the grantee agrees to pay the purchase money to a third person, such creditor may enforce a grantor's lien. *Nichols* v. *Glover,* 41 Ind. 24; *Upland Land Co.* v. *Ginn,* 144 Ind. 434, 55 Am. St. 181; *Forsythe* v. *Brandenburg,* 154 Ind. 588; *Barrett* v. *Lewis,* 106 Ind. 120. The grantor's lien is an equitable right to resort to the land if there be not sufficient personal assets. *Martin* v. *Cauble,* 72 Ind. 67, 75; *Citizens State Bank* v. *Adams,* 91 Ind. 280.

The right of a woman in land by virtue of her marriage, both while it remains inchoate and after it has become consummate by the death of her husband, is subject to the lien of his grantor for the payment of the purchase money of the land. *Nutter* v. *Fouch,* 86 Ind. 451. The lien is available against the grantee, his heirs, devisees, and other immediate successors in interest, and against all subsequent encumbrancers of the land under the grantee who are not *bona fide* purchasers for a valuable consideration and without notice. Pomeroy, Eq. Jurisp., §1253; *Higgins* v. *Kendall,* 73 Ind. 522.

The judgment is affirmed.