## STANDLEY v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 5,434. Filed October 26, 1905.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Failure to Contain All of the Evidence.*—*Peremptory Instructions.*—Alleged error in the giving of a peremptory instruction for defendant can not be considered on appeal where the bill of exceptions fails to include a map used by the parties on the trial of the cause wherein the father of a boy six years old sued a railroad company for damages for its negligent killing of such boy.

From Boone Circuit Court; *T. J. Terhune,* Special Judge.

Action by Lee Otis Standley against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Patrick H. Dutch, Noah Loughrun, A. Wilhoit* and *A. J. Shelby,* for appellant.

*L. J. Hackney, John T. Dye* and *S. M. Ralston,* for appellee.

ROBINSON, J.—Action by appellant for damages for the death of his infant son through appellee's alleged negligence. At the conclusion of appellant's evidence the court directed a verdict for appellee. This action of the court is the only question argued.

Appellee's road runs east and west through the town of Hazelrigg, crossing a public highway. On the day in question appellant's son, six years and nine months old, started to go across the crossing on the highway, but was prevented by a freight-train standing on a side-track across the highway, the engine being about sixty feet east of the crossing. The boy went east and passed around in front of the engine, and soon thereafter was struck and killed by a passenger-train on the main track. The question we are asked to determine is whether the evidence authorized

the court to give the peremptory instruction. To do this the record should contain all the evidence given upon the trial. The relative position of appellee's tracks, buildings adjacent to the right of way and the highway, and all the physical conditions existing at the place and time of the injury, were matters important and essential in determining whether the boy, when struck, was a trespasser upon appellee's track. Throughout the case use seems to have been made of a map or plat of the place and its surroundings. This map has not been brought into the record, and many of the answers of the witnesses are not intelligible without it. Many of the questions asked the witnesses are incomplete without the map. The map was made a part of the questions and answers. It is true the map was first used by counsel for appellee in the cross-examination of appellant's first witness, but without objection, and afterwards the same map seems to have been used by counsel on each side. All the matters in connection with which the map was used could have been clearly expressed in words by the witnesses. It was not a case where a map or plat was necessary. But it was used, and used in a way that it became a part of the evidence that went to the jury. It is manifest from reading the record that all the evidence given upon the trial has not been brought up on appeal. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297; *South Bend, etc., Co.* v. *Geidie* (1900), 24 Ind. App. 673.

Judgment affirmed.