# McGary v. Yeager.

[No. 7,117. Filed April 27, 1910.]

APPEAL.— *Omission of Evidence from Bills of Exceptions.*— *New Trial.*—An assignment that the court erred in overruling appellant's motion for a new trial cannot be considered, where the questions depend upon the evidence, and some of the evidence pertaining thereto is affirmatively shown by the bill of exceptions to be omitted.

From Gibson Circuit Court; *O. M. Welborn*, Judge.

Action by Elgin A. Yeager against Hugh D. McGary. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Thomas Duncan* and *Clyde McGary*, for appellant.

*Thomas M. McDonald* and *Morton C. Embree*, for appellee.

ROBY, J.—This was an action to recover damages for the wrongful act of appellant in sending out of the State of Indiana, for the purpose of collection by garnishment, an account against appellee, who was a citizen of the State of Indiana, and a man who was entitled to the benefits of the exemption laws of the State of Indiana.

Appellee had a verdict and judgment for $345. The only assignment is that the court erred in overruling appellant's motion for a new trial. There is a bill of exceptions in the record, which purports to contain all of the evidence in the case, but it affirmatively appears on the face of the bill that certain receipts and the original assignment of the claim were received and read in evidence, but were omitted from the transcript thereof.

The grounds stated for a new trial are dependent upon the evidence, and in its absence the action of the trial court will not be reviewed. *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 54 Ind. App. 625; *Standley* v. *Cleveland, etc., R. Co.*

(1905), 36 Ind. App. 381. There are exceptions to the rule, but the case does not come within them. *Cincinnati, etc., St. R. Co.* v. *Stahle* (1906), 37 Ind. App. 539.

Judgment affirmed.