## SEIGMUND *v.* TYNER ET AL.

[No. 8,352.    Filed March 5, 1913.]

1. APPEAL.—*Briefs.—Waiver of Error.*—Questions as to alleged errors in the admission and exclusion of testimony are waived by appellant's failure to discuss them in his brief, or to cite authority in support thereof.    p. 583.

2. APPEAL.—*Review.—Objection to Evidence.—Waiver.*—Questions as to alleged error in the admission and exclusion of testimony are waived by a failure to state specific objections.    p. 583.

3. LIMITATION OF ACTIONS.—*Accrual of Cause of Action.—Injury to Property.—Statutes.*—An action for injury by the overflow of real property is barred by the six years' statute of limitations, §294 Burns 1908, §292 R. S. 1881, where the acts which produced the overflow occurred more than six years before the bringing of the action, although the injuries are alleged to have been suffered within such six year period.    p. 584.

4. APPEAL.—*Review.—Harmless Error.—Rulings on Demurrers to Answers Pleading Statute of Limitations.*—Where a cause of action was barred by the six years' statute of limitations, §294 Burns 1908, §292 R. S. 1881, which was pleaded, the action of the court in overruling demurrers to paragraphs of answer pleading the other statutes of limitations was harmless.    p. 584.

5. WATERS AND WATERCOURSES.—*Drainage of Surface Water.—Answer Showing Easement by Prescription.—Sufficiency.*—In an action for injury to land by the drainage of surface water thereon, an answer showing an open, notorious, exclusive and adverse possession and use of the drains complained of for thirty years, with the right to flow water through the same across plaintiff's land during all that time, is sufficient as an answer showing an easement by prescription.    p. 585.

6. WATERS AND WATERCOURSES.—*Drainage of Surface Water.—Rights of Purchaser With Notice.*—In an action for damages in overflowing plaintiff's land, the fact that defendant's drains were constructed and in use by and with the consent of all the owners of the lands affected, long before plaintiff purchased his real estate, and that he purchased with full knowledge of such fact and of defendant's easement or right to flow water across such land, constitutes a good defense.    p. 585.

7. WATERS AND WATERCOURSES.—*Overflowing Land.—Actions.—Evidence.—Sufficiency.*—In an action for damages in overflowing plaintiff's land, evidence showing that from time immemorial water collected in small, well-defined, branch streams on defend-

ant's land and was carried over a portion of plaintiff's land and emptied into an ancient natural watercourse flowing through said land, that defendant placed certain tile ditches which empty into said branch streams on his land, and that no more water was emptied into said branch streams and carried over plaintiff's land into said watercourse than formerly resulted from the natural drainage of the land, is sufficient to support a finding and judgment for defendant. p. 586.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Christopher H. Seigmund against John S. Tyner and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*D. F. Brooks,* for appellant.
*Warren G. Sayre* and *Nelson G. Hunter,* for appellees.

FELT, P. J.—This suit was brought by appellant against appellees, to recover damages for collecting water on their real estate and casting it on the land of appellant, and to enjoin the continued use of certain drains.

The complaint alleges, in substance, that appellant was, and had been for more than five years previous to the commencement of this suit, the owner of the southwest quarter of a certain section of land in Wabash county, and that appellees were the owners of real estate in said section, lying to the north and east of his said real estate; that appellees constructed many tile drains on their lands, by means of which they collected water on said lands and cast it upon the land of appellant in unusual and large quantities, thereby washing away the soil, overflowing said lands, and damaging crops thereon; that by collecting water, as aforesaid, and throwing it upon appellant's land, the grass and crops on his land have been damaged in the sum of $1,000, as shown by bill of particulars, which is as follows:

"Exhibit A.

Overflowing 10 acres of grass years 1906,-7,-8,-9.-$200.00
Washing away of soil over-flowing land by percolation, 500.00"

To this complaint appellees filed answer in six paragraphs, the first of which is a general denial. The substance of the second is that for more than thirty years appellees and their grantors have been in open, notorious, exclusive and adverse possession of the drains complained of in appellant's complaint, with the right to flow water through the same onto appellant's land. The third; fourth and fifth paragraphs set up respectively the six, fifteen, and twenty years' statute of limitations.

Appellant demurred separately and severally to each of said paragraphs of answer except the first, on the ground that neither paragraph states facts sufficient to constitute a defense to the cause of action stated in his complaint. Each of said demurrers was overruled, and appellant duly excepted. Appellant replied by general denial to each of said paragraphs of answer except the first. Errors are assigned on the overruling of the demurrer to each of said several paragraphs of answer, and the overruling of appellant's motion for a new trial.

The motion for a new trial alleges that the decision of the court is contrary to law and is not sustained by sufficient evidence; also a number of errors in the admission and exclusion of certain testimony, but these questions are waived by failure of appellant to discuss them in his brief or to cite authority in support thereof; also for the reason that appellant has stated no specific objections to the admission of any of such testimony. Furthermore, in the discussion of the motion for a new trial, appellant confines himself exclusively to the assignment that the decision of the court is not sustained by sufficient evidence.

The undisputed facts show that appellant's real estate is bounded on the north by a highway known as Dova Pike; that about fifteen or twenty rods south of said highway and running practically parallel with the same, there is a small creek known as Ross Run which crosses appellant's land, and

going west therefrom empties into Wabash river; that said stream is an ancient and natural watercourse, and is much lower than the land in that vicinity; that the lands of appellees, on which the ditches complained of are situate, lie north and northeast of appellant's land and north of Ross Run; that said highway is from six to ten feet higher than the ordinary level of said creek; that the land to the north and east of appellant's land slopes toward the creek; that the water which falls on said lands has always passed over the same and through well-defined channels, or small branch streams, which cross said highway and empty into said Ross Run; that the ditches complained of are tile drains on appellees' lands, which empty into said open ditches, or natural channels of water, on the land of appellees, and do not pass over or upon appellant's land; that prior to the building of such turnpike, wooden culverts were built across the road through which said natural drains carried the water across appellant's land to Ross Run; that said turnpike was built about thirty years ago by public authority, and stone culverts were built in the place of the old wooden culverts, and have been in continuous use since that time for the purposes aforesaid.

Appellant's suit is to recover damages for injuries to his property alleged to have occurred in the years 1906, 1907, 1908 and 1909. By the third clause of §294 Burns 1908, §292 R. S. 1881, injuries to property are barred by the six years' statute of limitations. Appellant's cause of action arose, if at all, at the time the damage occurred for which the action is brought, and such right of action is barred by the six years' statute of limitations. The rulings on the other paragraphs of answer pleading the other statutes could not therefore harm appellant in any view of their sufficiency or application. *Sherlock* v. *Louisville, etc., R. Co.* (1888), 115 Ind. 22, 38, 17 N. E. 171; *Kelly* v. *Pittsburgh, etc., R. Co.* (1902), 28 Ind.

App. 457, 463, 63 N. E. 233, 91 Am. St. 134; *Pickett* v. *Toledo, etc., R. Co.* (1892), 131 Ind. 562, 31 N. E. 200; *Southern Ind. R. Co.* v. *Brown* (1903), 30 Ind. App. 684, 66 N. E. 915; *Porter* v. *Midland R. Co.* (1890), 125 Ind. 476, 478, 25 N. E. 556; *City of Lebanon* v. *Twiford* (1895), 13 Ind. App. 384, 386, 41 N. E. 844.

The court did not err in overruling the separate demurrers to each of the several paragraphs of answer setting up respectively the six, fifteen and twenty years' statute of limitations.

The second paragraph of answer is sufficient, for it shows an open, notorious, exclusive and adverse possession and use of the drains complained of for thirty years, with the right to flow water through the same across appellant's land during all that time. Proof of such facts would show an easement by prescription. *McCardle* v. *Barricklow* (1879), 68 Ind. 356; *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109; *Davis* v. *Cleveland, etc., R. Co.* (1894), 140 Ind. 468, 470, 39 N. E. 495; *Cleveland, etc., R. Co.* v. *Huddleston* (1899), 21 Ind. App. 621, 628, 52 N. E. 1008, 69 Am. St. 385; *Connor* v. *Woodfill* (1890), 126 Ind. 85, 87, 25 N. E. 876, 22 Am. St. 568; *Pyott* v. *State* (1908), 170 Ind. 118, 121, 83 N. E. 737.

Appellant has pointed out no objection to the sixth paragraph of answer. Its averments show that said drains were constructed and in use by and with the consent of all the owners of said lands long before appellant purchased his real estate; that he purchased with full knowledge of the same and of appellee's easement, or right to flow water across his said lands. Under the authorities the answer states a good defense to appellant's complaint. *Ross* v. *Thompson* (1881), 78 Ind. 90; *Parish* v. *Kaspare, supra; Joseph* v. *Wild* (1896), 146 Ind. 249, 253, 45 N. E. 467; *McAllister* v. *Henderson* (1893), 134 Ind. 453, 34 N. E. 221.

Appellant insists that the evidence is not sufficient to support the judgment and that his motion for a new trial should be sustained. The evidence, practically without dispute, shows that Ross Run is an ancient and natural watercourse, and that the water from appellees' lands naturally flows toward it, and has from time immemorial collected in small, well-defined branch streams, made by the action of the water, and through them reached and emptied into Ross Run, after crossing the highway · under said culverts. No new channel has been made on or across appellant's land, and the water from appellees' lands now, as formerly, passes through natural channels across appellant's lands to Ross. Run. Certain tile ditches have been constructed on the lands of appellees and empty into said branch streams on the lands of appellees. Appellant claims that these tile drains collect more water and precipitate it in shorter time than resulted from the natural drainage before the tile ditches were constructed. There is evidence tending to prove that before the tile drains were constructed, Ross Run carried a greater volume of water than it has since the tile drains have been in operation; that some of the tile ditches on appellees' lands drain a pond, that was the source of Ross Run, into another channel and away from appellant's lands.

There was ample evidence from which the court could find that no more water came into said channels and reached Ross Run through appellant's lands since the tile drains complained of were constructed than formerly resulted from the natural drainage of the land, and that the construction and operation of said tile drains on the lands of appellees have not materially changed the volume or flow of water across appellant's lands, nor in anyway damaged him. Such a finding shows no liability. *Wharton* v. *Stevens* (1891), 84 Iowa 107, 50 N. W. 562, 15 L. R. A. 630, 635, 35 Am. St. 296.

There is evidence supporting the finding and judgment of the trial court, and no error is shown harmful to appellant. Judgment affirmed.

NOTE.—Reported in 101 N. E. 20. See, also, under (1) 3 Cyc. 388; (2) 38 Cyc. 1393; (3) 25 Cyc. 1142, 1145; (4) 31 Cyc. 358; (5) 40 Cyc. 649, 653; (6) 40 Cyc. 649; (7) 40 Cyc. 653. As to waiver of appeal, expressly or as implied from acts or omissions, see 13 Am. Dec. 546. As to prescriptive title to water, see 93 Am. St. 712. As to right of, and liability for injuring others' property by flowage, see 57 Am. Dec. 684. On the question of the right to drain surface water into watercourse, see 24 L. R. A. (N. S.) 903.