## SEIGMUND *v.* WILLIAMS.

[No. 8,791. Filed February 6, 1914.]

1. WATERS AND WATERCOURSES.—*Surface Waters.*—*Action for Damages.*—*Findings.*—On a special finding of facts showing that defendant's remote grantors had for more than twenty years maintained drains which carried surface water into a culvert, and across a highway to and over a low strip in plaintiff's lands, whence such water was carried into a natural watercourse, and that such drains were in natural depressions and carried no water that would not naturally have flowed through such depressions, the court did not err in denying to plaintiff any relief in his action for damages for casting surface waters upon his lands. p. 500.

2. APPEAL.—*Review.*—*Harmless Error.*—Where the findings of fact disclose that plaintiff failed to prove his case, questions on the

overruling of demurrers to defendant's answers are immaterial. p. 501.

3.  APPEAL.— *Review.*— *Evidence.*— *Findings.*— Where there was some evidence to support each of the material facts found by the court, the decision is sustained by sufficient evidence.  p. 502.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Christopher H. Seigmund against Charles E. Williams. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*D. F. Brooks* and *Cox & Andrews,* for appellant.
*Warren G. Sayre* and *Nelson G. Hunter,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action brought by appellant to recover damages from appellee for collecting water on his lands by means of tile drains and casting it onto appellant's lands, and to enjoin the continued use of such drains.

The case is, in all its essential features, except as hereinafter indicated, identical with that of *Seigmund* v. *Tyner* (1913), 52 Ind. App. 581, 101 N. E. 20. The appellant is the same person, and appellee insists that the instant case "not only involves the same rules of law but, that the grievances complained of happen to be on the identical forty acre tract of land as in the *Seigmund* v. *Tyner* case." The issues of law and fact presented by the pleadings in the two cases are identical and their merits are controlled by the same general principles of law; but the present case differs from the former in that in it the facts to which such general principles must be applied are specially found by the trial court, and the finding is such that a determination of the question presented by the error assigned, which challenges the correctness of the conclusion of law stated thereon, eliminates all questions presented by the rulings on the pleadings about which there is any serious contention.

The finding of facts is too lengthy to set out in this opinion, and we deem it sufficient to say that the facts so found

are even more favorable to appellee than those set
1.   out as the undisputed facts in the case of *Seigmund*
v. *Tyner*, *supra*.   In addition to finding practically
the same facts, set out as undisputed, in that case, the court
in the present case found the specific facts with reference
to the purpose, time and place of location of said tile drains
in question, viz., that said drains were located by appellee's
remote grantors, while they owned his lands; some of said
drains having been located in 1878· for drainage purposes,
others having been put in "in 1887, and more than twenty
years before the commencement of this suit   *   *   *   in
the sole interest of good husbandry and because such remote
grantor claimed the right to do so", and others, at other
remote periods, more than twenty years prior to the bring-
ing of this suit, were put in to render such land tillable
and to prevent the water from flowing over its surface and
causing it to wash; that such drains were each and all
located in the bottom of natural depressions in such lands,
some of which, in places, had well defined banks and said
tile drains carried no water that would not naturally have
flowed through such natural depressions; that such tile
drains carry said water into the one or the other of three
culverts put across the public highway for its protection
at points where the water falling on said drained lands had
found its outlet from time immemorial and where such
water from necessity had to flow; that after the water from
all of the drains and from the Tyner land flows through
the stone culvert it flows in a low depression across plain-
tiff's land and empties into Ross Run; that said tile drains
do not carry any water onto plaintiff's land which does not
naturally flow onto plaintiff's land at the same point where
it now flows nor do they increase the volume of water dis-
charged upon plaintiff's land in any given time nor do
they bring down onto plaintiff's land any greater quantities
in any given time and the water has had no effect upon
plaintiff's land on account of the construction of said tile

drains, neither has the construction of said tile drains caused any damage to plaintiff's crops or any washing to plaintiff's land or any damage whatever to plaintiff's land; that the water conducted by said tile drain would naturally flow in the same direction and in the same volume if said tile drain had not been constructed and the construction of said tile drain has in no way injured the crops of the plaintiff or caused his land to wash or caused his land to be damaged in any way whatever; that all of said tile drains described in these findings do not put any greater quantity of water on the plaintiff's land than always flowed there and do not now, and never have, discharged said water upon plaintiff's land with any greater velocity than it has always been discharged upon said land and has not caused plaintiff's land to wash and has not washed away any crops on plaintiff's land and has not damaged plaintiff's land in any way whatever.

We think it must be evident from the facts which we have indicated as found by the trial court that under the holding of this court in the case of *Seigmund* v. *Tyner*, *supra*, the conclusion of law as stated by the trial court was correct. Indeed, we think all the authorities including those cited by appellant support such conclusion. *Mitchell* v. *Bain* (1895), 142 Ind. 604, 617, 42 N. E. 230; *Weddell* v. *Hapner* (1890), 124 Ind. 315, 24 N. E. 368; *Templeton* v. *Voshloe* (1880), 72 Ind. 134, 37 Am. Rep. 150; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 256, 39 Am. Rep. 135; *Cairo, etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278, 38 Am. Rep. 139; *Vannest* v. *Fleming* (1890), 79 Iowa 638, 44 N. W. 906, 8 L. R. A. 277, 18 Am. St. 387; *Wharton* v. *Stevens* (1891), 84 Iowa 107, 50 N. W. 562, 15 L. R. A. 630, 635, 85 Am. St. 296.

We have also indicated that this finding of facts eliminates all questions presented by the rulings on de-
2. murrers to the answers. We think this must be evident because the facts, above indicated as found, show

that the appellant failed to prove his cause of action.  Appellant raises some question as to the sufficiency of the evidence to sustain the decision of the trial court, but an examination of the evidence set out in appellant's

3.  brief convinces us that there was some evidence to support each of the material facts found by the court.

We find no available error in the record.    Judgment affirmed.

Note.—Reported in 104 N. E. 49.  As to the discharging of surface water upon a neighbor's land, see 85 Am. St. 730.  See, also, under (1) 40 Cyc. 645, 648; (2) 3 Cyc. 385; 31 Cyc. 358; (3) 3 Cyc. 360.