## BEARD ET AL. *v.* PAYNE.

[No. 9,236. Filed April 20, 1917.]

1. PLEADING.—*Demurrer.*—*Waiver of Defects.*—Under §344, cl. . 6, Burns 1914, objections to the sufficiency of the complaint not pointed out in the memorandum accompanying the demurrer are waived. p. 327.

2. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Complaint.*—*Sufficiency.*—*Allegation of Express Lien.*—In an action on a promissory note and to foreclose a vendor's lien, a complaint alleging that the note was given for the purchase money of real estate, and that it was expressly declared to be a lien thereon in the deed executed therefor, is sufficient to show the existence of a vendor's lien. p. 327.

3. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Assignment of Note*—The transfer of a promissory note secured by a vendor's lien carries the lien with it without a special assignment. p. 327.

4. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Payment of Note by Endorser.*—The endorser of a note secured by a vendor's lien, who is compelled to pay the note to his endorsee at maturity and becomes the owner thereof, is entitled to the lien, regardless of the principle of subrogation. p. 328.

5. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Liability of Purchaser with Notice.*—One purchasing realty on which there was expressly reserved a vendor's lien by a prior deed and with knowledge that the purchase money thus secured was unpaid, takes the land subject to the lien. p. 328.

6. APPEAL.—*Presenting Questions for Review.*—*Insufficiency of Evidence to Sustain Special Finding.*—A ground in a motion for a new trial challenging the sufficiency of the evidence to sustain a special finding of fact presents no question for review on appeal, as it is not a proper assignment in a motion for a new trial. p. 329.

7. APPEAL.—*Presenting Questions for Review.*—*Motion for New Trial.*—*Insufficiency of Evidence to Sustain Decision.*—Where a cause was tried by the court, which rendered special finding of facts and stated conclusions of law thereon, grounds for a

new trial, that the decision of the court is not sustained by sufficient evidence and is contrary to law, challenge only the special findings, as the word "decision," when so used, refers only to the special finding of facts. p. 329.

8. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Express Reservation in Deed.*—*Nature.*—A vendor's lien expressly reserved in a deed of conveyance is a lien by contract and not by implication, and has all the essential elements of, and is equivalent to, a mortgage. p. 329.

9. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Express Lien.*—*Waiver.*—Where a vendor's lien is expressly reserved in a deed of conveyance it is equivalent to a mortgage, and a waiver of such a lien must be made either expressly, or by acts directly inconsistent with its existence and clearly indicating an intention to waive, and it is not waived by the mere act of accepting collateral security for the lien. p. 330.

10. TRIAL.—*Findings.*—*Failure to Find Material Fact.*—*Effect.* —The absence of a finding as to certain facts is, in effect, a finding that such facts were not proven on the trial. p. 331.

11. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—Findings of fact based on conflicting evidence are conclusive on appeal where there is some evidence to support every material fact found. p. 332.

12. APPEAL.—*Presenting Questions for Review.*—*Assignment of Error.*—*Conclusions of Law.*—Error of the trial court in stating its conclusions of law on the facts found is waived on appeal by failure to assign error to the conclusions. p. 332.

13. APPEAL.—*Presenting Questions for Review.*—*Error in Conclusions of Law.*—*Motion for New Trial.*—*Grounds.*—An assignment in a motion for a new trial that the decision of the trial court is contrary to law does not present for review any question as to the court's conclusion of law on the facts found. p. 332.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by Charles F. Payne against Clarence H. Beard and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Albert D. Ogborn, Clarence M. Brown* and *Robert S. Hunter,* for appellants.

*H. G. Yergin, W. O. Barnard* and *W. E. Jeffrey,* for appellee.

BATMAN, J.—Appellee filed his complaint in the court

below against appellants on a promissory note and to
enforce a vendor's lien. So much of such complaint
as is necessary for the determination of the questions
raised with reference thereto is substantially as fol-
lows: That on January 31, 1912, appellee Edward
Payne and Lafe Bell sold and conveyed to the appel-
lant, Clarence H. Beard, by their warranty deed of that
date, certain real estate in Henry county, Indiana, (de-
scribing it) for the sum of $4,000; that said Beard
thereupon executed to said grantors his promissory
note for said sum; that a lien for said purchase money
on said real estate was declared, expressed and con-
firmed in said deed, which deed was duly recorded in
the recorder's office of said county; that said grantors,
for a valuable consideration, sold and assigned said
promissory note to the Citizens State Bank of New-
castle, Indiana, by endorsement in writing on the back
thereof, and delivered the same to it; that sometime
after said note had been sold, assigned and delivered to
said bank the said appellant Beard failing and refus-
ing to pay the balance due thereon, on demand, said
bank required and compelled the appellee as an endorser
thereon to pay and take up said note, which he did in
1913, and that by so doing he became the owner and
holder of said note and the debt evidenced thereby, and
the owner and holder of said lien given to secure its
payment; that since the conveyance of said real es-
tate by said grantors to the appellant Beard, the said
Beard sold and conveyed the same to the appellant Olna
H. Bradway; that said Bradway took and accepted the
said deed of conveyance with full notice and knowl-
edge that said purchase money as aforesaid was un-
paid, and that the lien therefor on said real estate was
unsatisfied; that by reason of the premises, there is
due and owing appellee the sum of $3,500, which sum
is a lien on said real estate. The demand is for judg-

ment in the sum of $3,500; that the same be declared a lien on said real estate, and an order entered for the sale of the same in satisfaction thereof.

To this complaint appellant Olna H. Bradway filed his demurrer for want of facts, and based the same on the following memorandum filed therewith: "There is nothing to show any subrogation of the lien or rights in the lien to the plaintiff. His claim is against the maker of the note." This demurrer was overruled and an exception reserved.

Appellant Olna H. Bradway has assigned this ruling of the court as error. Under the statute we are only required to consider the objection to the complaint, stated in such memorandum as all other objections are deemed waived. §344, cl. 6, Burns 1914, Acts 1911 p. 415; *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 106 N. E. 726; *Gifford* v. *Gifford* (1914), 58 Ind. App. 665, 107 N. E. 308.

It will be observed that the complaint not only alleges that the note was given for the purchase money of the real estate, but it expressly avers that it was declared to be a lien thereon, in the deed executed therefor. Such allegations were sufficient to show the existence of a vendor's lien. It is further alleged that such note was sold and assigned to the Citizens State Bank of Newcastle, by endorsement in writing on the back thereof.

Inasmuch as such lien was an incident to the note, and nothing appears to show that it had been released or otherwise discharged, such assignment of the note carried the lien with it to the assignee, without a special assignment thereof. *Kern* v. *Hazlerigg* (1858), 11 Ind. 443, 71 Am. Dec. 360; *Perry* v. *Roberts* (1868), 30 Ind. 244, 95 Am. Dec. 689; *Felton*

v. *Smith* (1882), 84 Ind. 485; *Upland Land Co.* v. *Ginn* (1896), 144 Ind. 434, 43 N. E. 443, 55 Am. St. 181; *Smith* v. *Mills* (1896), 145 Ind. 334, 43 N. E. 564, 44 N. E. 362.

It is further alleged that, subsequent to the assignment of the note to said bank, it compelled appellee as an endorser thereon, to pay and take up the note, and that he thereby became the owner thereof.

There is nothing to show that the lien had been released or discharged prior to the time appellee became the owner of the note in the manner alleged; and hence it would still follow the note as an incident thereto into the hands of appellee. The fact that appellee alleges that he was compelled to pay and take up the note as an endorser thereon in no way affects the lien incident thereto. If he became the owner thereof, he was entitled to the lien securing the same, regardless of the fact that he was an endorser thereon, and took the same from the bank to protect himself as such. He was not required to rely on the principle of subrogation, in order to assert such lien, as suggested in the memorandum, as the mere fact that he became the owner of the note entitled him to the security incident thereto. It is alleged that the appellant Olna H. Bradway purchased the real estate with full notice and knowledge that said purchase money was unpaid. Under such circumstances the real estate would be bound by the lien in the hands of said appellant, as such purchaser. *Bryson* v. *Collmer* (1904), 33 Ind. App. 494, 71 N. E. 229; *Borror* v. *Carrier* (1904), 34 Ind. App. 353, 73 N. E. 123. The court therefore did not err in overruling the demurrer of appellant Bradway to the complaint. Issues were joined on the complaint and a trial had. The court, on request of appellants, made a special finding of facts, and stated its conclusions of law thereon. Judgment was ren-

dered in favor of appellee for the sum of $3,394.50 and costs. The lien was foreclosed, and the real estate ordered sold in satisfaction of the judgment.

The only remaining error assigned is the action of the court in overruling appellant's motion for a new trial. This motion is based on four grounds, the third and fourth of which challenge the sufficiency of the evidence to sustain special finding No. 26. These alleged grounds raise no question, as they are not proper assignments in a motion for a new trial. *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184; *Hamrick* v. *Hoover* (1907), 41 Ind. App. 411, 84 N. E. 28. The remaining grounds for a new trial are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. The word "decision," when so used in this case, refers to the special finding of facts. *Weaver* v. *Apple* (1896), 147 Ind. 304, 46 N. E. 642; *Parkison* v. *Thompson* (1904), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677. It therefore follows that only the special findings are challenged by the motion for a new trial.

Appellants contend that the evidence shows that the Citizens State Bank accepted three notes secured by mortgages amounting to $7,800, as collateral security for any debts that appellant Beard might be owing said bank; that at such time the said bank was the owner of the note in suit as assignee, and the act of accepting such collateral security waived the vendor's lien in question. They seek to apply the rule that the acceptance of security for the purchase money of real estate waives the implied lien of the vendor on such real estate therefor. The deed for the real estate in question was introduced in evidence and is made a part of the special finding of facts. It contains the following clause after the description and identification of the real estate: "Subject to a purchase money lien

note of $4,000.00 to Lafe Bell, Ed Payne, and Charles F. Payne, payable at the Citizens State Bank of Newcastle, Indiana, of this date, with six per cent. interest from date, and signed by Clarence H. Beard." A lien thus reserved in a deed of conveyance is a lien by contract and not by implication. It is therefore an expressed and not an implied lien. It has all the essential elements of a mortgage. 3 Pomeroy, Eq. Jurisp. (2d ed.) §1257; 2 Jones, Liens (3d ed.) §§1110, 1111; *Dowdy* v. *Blake* (1887), 50 Ark. 205, 6 S. W. 897, 7 Am. St. 88; *Ober* v. *Gallagher* (1876), 93 U. S. 199, 23 L. Ed. 831. In this State such a lien has been held to be in effect an equitable mortgage, or equivalent to a mortgage. *Lucas* v. *Hendrix* (1883), 92 Ind. 54; *Bever* v. *Bever* (1896), 144 Ind. 157, 41 N. E. 944; *Warford* v. *Hankins* (1897), 150 Ind. 489, 50 N. E. 468; *Cassell* v. *Lowry* (1904), 164 Ind. 1, 72 N. E. 640.

Such a lien being in effect a mortgage, the question arises as to the manner in which it may be lost or discharged. It has been expressly held in many jurisdictions that the acceptance of security for the purchase money of real estate does not waive an expressed lien therefor. 39 Cyc 1836; 29 Am. and Eng. Ency. Law 788; 3 Pomeroy, Eq. Jurisp. (2d ed.) §1259; 2 Jones, Liens (3d ed.) §1116; *Coles* v. *Withers* (1880), 33 Grat. (Va.) 186; *Price* v. *Lauve* (1878), 49 Tex. 74; *Williams* v. *Murphy* (1871), 36 Tex. 167; *Carpenter* v. *Mitchell* (1870), 54 Ill. 126; *Carr* v. *Thompson* (1878), 67 Mo. 472; *Beyland* v. *Sewell* (1868), 4 Bush. (Ky.) 637; *Hines* v. *Perkins, Trustee* (1871), 2 Heisk. (Tenn.) 395. Such a lien may be waived, but such waiver must appear either expressly, or by acts directly inconsistent with its existence and clearly indicate an intention so to do. Some of the authorities expressly, and others impliedly, hold that what is commonly termed an expressed vendor's lien, cannot be de-

feated by anything short of what would be considered sufficient to defeat or extinguish a mortgage; that as such a lien is the result of contract, it will require something equally positive to operate as a waiver; that it is essentially different from a lien by implication on conveyance, which being only a mere right in equity, is waived or extinguished by many acts that are powerless to effect the lien expressly reserved; and that the courts will not, therefore, imply waiver, where the vendor has expressly reserved his lien, but will require equally express conduct on his part to deprive him of its benefit. Since the Supreme Court of this State has held, as shown by the authorities cited *supra,* that such an expressed lien is in effect an equitable mortgage, or equivalent to a mortgage, it follows that appellants cannot invoke the rule applicable to implied liens to support their contention—that the lien in question must be deemed waived by the mere act of accepting collateral security.

Appellants also contend that the amount which the court found to be due on the note in suit is very much too large. We have carefully noted this contention, as made by appellants in both their original and reply briefs. We have spent much time and labor in examining the evidence, not only as set out in the respective briefs of the parties, but as shown by the bill of exceptions in the record, in verifying the calculations submitted, and have found that the court's finding in this regard is fully sustained by the evidence.

Certain other facts for which appellants contend, and on which they base argument, do not appear in the special findings. Such absence is, in effect, a finding that such facts were not proven on the trial. *State, ex rel.* v. *Jackson* (1912), 52 Ind. App. 254, 100 N. E. 479; *Judah* v. *F. H. Cheyne Electric Co.* (1913), 53 Ind. App. 476, 101 N. E. 1039; *Spade* v.

*Hawkins* (1915), 60 Ind. App. 388, 110 N. E. 1010; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182. The evidence is of such a character that we cannot say that the court erred in the conclusion it reached in that regard.

An examination of the record shows that there was some evidence to support every material fact found. True, some of it was conflicting, but, being in parol, we are not permitted to weigh it and determine its preponderance by that method. Under the circumstances, that was the duty of the trial court, and we are bound by its conclusions. *Seigmund* v. *Williams* (1913), 55 Ind. App. 498, 104 N. E. 49; *Dittman* v. *Keller* (1913), 55 Ind. App. 448, 104 N. E. 40; *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 105 N. E. 522; *Vermillion* v. *First Nat. Bank* (1914), 59 Ind. App. 35, 105 N. E. 530, 108 N. E. 370; *Vincennes Traction Co.* v. *Curry* (1915), 59 Ind. App. 683, 109 N. E. 62; *Marietta Glass Mfg. Co.* v. *Bennett* (1915), 60 Ind. App. 435, 106 N. E. 419. We conclude that the court did not err in overruling appellants' motion for a new trial.

Appellants' counsel have undertaken to present in their points and authorities and in their argument certain other questions that can only arise under an assignment of error relating to the action of the court in stating its conclusions of law on the facts found. No such error was assigned, and hence such questions are waived on appeal. *Midland R. Co.* v. *Dickason* (1892), 130 Ind. 164, 29 N. E. 775; *Theobald* v. *Clapp* (1908), 43 Ind. App. 191, 87 N. E. 100. Such question cannot be raised on an assignment in a motion for a new trial that the decision is contrary to law. This has been expressly so held. *Weaver* v. *Apple; supra; Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 71 N. E. 123; *Bundy* v. *McClarnon*

(1889), 118 Ind. 165, 20 N. E. 718. We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 115 N. E. 782. See under (2) 39 Cyc 1863; (3) 39 Cyc 1807; (4, 5) 39 Cyc 1851; (8) 39 Cyc 1794; (9) 39 Cyc 1836. Waiver of vendor's lien, 137 Am. St. 186.