HOOK DRUG COMPANY *v.* KANDIS BROTHERS.

[No. 13,724. Filed January 16, 1930. Rehearing denied April 3, 1930. Transfer denied May 23, 1930.]

*Louis M. Hammerschmidt, Claude D. Carson* and *Bernard A. Keltner,* for appellant.

*Graham, Crane & Elliott,* for appellees.

Nichols, J.—Action by appellant to enjoin appellees from the use of a certain space which appellant contends was not included in a written lease. No question was presented as to the action being against a partnership instead of against the individual members thereof. There was judgment for defendant, and this appeal followed.

The verified complaint alleged: That Frueh and Thomas, partners, were tenants of the first-floor store-room and part of the basement thereunder in the Oliver Hotel building in South Bend; that they subleased to appellees Kandis Brothers "the space on the south side from the south front door extending west 28 feet"; that Frueh and Thomas later assigned their leasehold interest to appellant; that the lease made between Frueh and Thomas and the Oliver Hotel Corporation was later canceled, and the latter entered into a lease with appellant in substitution therefor; that appellees Kandis Brothers placed chairs and tables upon the floor space leased by them and also on the floor space leased by the Oliver Hotel Corporation to appellant; that the continued placing of tables and chairs in the floor space over the objections of appellant caused irreparable damage to the efficient conduct of appellant's business, and, damages at law being impossible of computation, appellant asked that appellees be ordered to remove the chairs and tables and enjoined from replacing them.

Appellees filed a verified answer in two paragraphs, and an affirmative answer, in substance hereafter briefly stated: That, under the sublease from Frueh and Thomas to appellees Kandis Brothers, it was the understanding that the clause "the space on the south side from the south front door extending west 28 feet" meant all the floor space in said store from the south front door extending west 28 feet; appellees Kandis Brothers placed their chairs and tables at the points

designated by Frueh and Thomas; at the time of the assignment of the lease to appellant, the latter knew and was informed of the space occupied and used by appellees Kandis Brothers; appellees never defaulted in their payments of rent; the sublease from Kandis Brothers to appellee Danos was with the consent of Freueh and Thomas; appellant knew that Danos had purchased a half interest in the business; it was necessary to their business to have tables and chairs for women; said tables and chairs could not be moved to the south half of the floor space of the drug store, inasmuch as the center line of the floor space passed through the center line of the south row of tables in the drug store; the removal of the tables and chairs would result in irreparable injury to appellees; appellees performed fully all their obligations under the lease; appellant was estopped to declare the lease violated because it waived its right to protest against the assignment of the lease without its consent to Danos.

Alleged errors as to the court's ruling on appellant's motion to strike out parts of the affirmative paragraph of answer are not reversible, and its ruling on the demurrer to such paragraph, so far as properly presented, even if error, and we do not so hold, was harmless in the light of the evidence thereafter adduced. The substantial question to be considered is presented under the motion for a new trial, that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law.

The facts involved in the case as appear by the evidence are: That Frueh and Thomas, partners, leased a certain room in the Oliver Hotel building in South Bend, here in controversy; at said time, they were contemplating opening a drug store therein, and solicited appellees to establish and conduct in their drug store, when opened, a soda-water fountain, soft-drink establishment, and the business of selling and serving food, meals

and luncheons in connection therewith; the lease, for 10 years, between Frueh and Thomas and appellees was executed on June 8, 1923; at the time of executing the same, it was the intention of the parties that appellees should use such part of the floor space as was not used by Frueh and Thomas for their drug-store fixtures, but the exact number of chairs and tables could not be determined until the drug-store fixtures were in and the layout finally established; after the execution of the lease, on June 8, 1923, Frueh and Thomas directed appellees as to how many tables and chairs to install and pointed out to them the places where they were to be installed; thereupon, appellees installed their soda-water fountain and purchased and acquired the number of tables and chairs as designated by Frueh and Thomas and installed them in the drug store prior to the opening of the same; said drug store was opened for business approximately August 26, 1923, at which time the tables and chairs had been installed, and they have remained in said drug store and have been used in the business of appellees continuously up to the time of bringing this suit, with the exception of slight changes which were agreed upon or at least acquiesced in by the parties; on April 1, 1927, appellant purchased the drug store from Frueh and Thomas, and they assigned their lease to appellant. At said time, the tables and chairs, as first installed and located, were still in said drug store and being used in the business of appellees, and they have remained therein and been so used in said business up to the time of bringing this suit.

There is no evidence of any complaint on the part of Frueh and Thomas concerning the space occupied by the tables and chairs from the time they were installed in 1923 until they sold out on April 1, 1927, a period of nearly four years. There is some dispute in the evidence as to the complaint on the part of appellant relative to

the placing of tables and chairs after its purchase of the drug store. On February 11, 1928, appellant served written notice on appellees to remove their tables and chairs from the floor of said drug store, and Mr. Kandis, one of appellees, testified that the first talk he had with any of the agents of appellant relative to the removal of the tables and chairs was about a week before suit was brought, which was March 9, 1928.

The part of the room demised under the lease was demised as "the space on the south side from the south front door extending west 28 feet," which description the court held to be ambiguous and, therefore, sustained averments in the answer as to the construction put upon such description by the parties, and permitted evidence as to such construction. As stated above, there was no reversible error in the court's action on the motion to strike out parts of the answer and no objection was made as to the admissibility of evidence as to such construction. It is well settled that, if the language of a contract is at all uncertain or ambiguous, and the parties have by their acts and conduct given it a certain construction, the courts give great, if not controlling, influence to such interpretation in arriving at the true intention of the parties. *Wilson* v. *Carrico* (1895), 140 Ind. 533, 539, 40 N. E. 50, 49 Am. St. 213; *Kann* v. *Brooks* (1913), 54 Ind. App. 625, 101 N. E. 513; *Louisville, etc., R. Co.* v. *Reynolds* (1889), 118 Ind. 170, 20 N. E. 711; *Vinton* v. *Baldwin* (1884), 95 Ind. 433; *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 86 N. E. 495; *Smith* v. *Frantz* (1915), 59 Ind. App. 260, 109 N. E. 407; *Arafe* v. *Howe* (1917), 228 Mass. 46, 116 N. E. 971; *Reissner* v. *Oxley* (1881), 80 Ind. 580.

But appellant contends that, if parol evidence or extrinsic facts must be resorted to to explain what the parties to the lease understood and intended by the words "south side," this has the effect

of rendering the lease partly written and partly parol, and thus makes it a parol contract and void under the Statute of Frauds. We do not so understand. Such evidence was not for the purpose of adding to that which had been written, but to make certain that which was uncertain. *Hinneman* v. *Rosenback* (1868), 39 N. Y. 98; *Frazier* v. *Myers* (1892), 132 Ind. 71, 31 N. E. 536; *Pate* v. *French* (1890), 122 Ind. 10, 23 N. E. 673; *Hensler* v. *Fountain Park Co.* (1914), 57 Ind. App. 100, 106 N. E. 384.

Where, as here, both parties use certain terms and both understand what was intended, and where both parties have put a construction upon the same by their acts and conduct, then such construction does not render the same a parol agreement, as their understanding or construction does not operate as a demise or lease of the premises, but is merely a construction of the agreement or contract with respect to what has already been demised or leased; it merely identifies and makes certain what has already been demised under the lease. *Bell's Admx.* v. *Golding* (1866), 27 Ind. 173; note, 102 Am. St. 246; note, 13 Am. Dec. 224. Appellant contends that the words "south side" mean the south half, and has cited several Illinois cases where this holding was laid down. But, in those cases, the court simply construed the words "south side" or "north side" standing alone, and the construction by the parties was not involved. Here, the parties to the lease, by their acts and conduct, put their own construction on the meaning of the ambiguous expression.

Appellant was bound to take notice of all the facts and circumstances surrounding the occupation of the floor space in controversy by the tables and chairs of appellees when it purchased the drug store, and is bound by the construction which the parties had put on the lease that inquiry would have revealed.

*Joseph* v. *Wild* (1896), 146 Ind. 249, 254, 45 N. E. 467; *Campbell* v. *Indianapolis, etc., R. Co.* (1887), 110 Ind. 490, 11 N. E. 482; *Robinson* v. *Thrailkill* (1887), 110 Ind. 117, 10 N. E. 647; *Ellis* v. *Bassett* (1891), 128 Ind. 118, 27 N. E. 344, 25 Am. St. 421; *Seigmund* v. *Tyner* (1913), 52 Ind. App. 581, 101 N. E. 20.

We find no error.

Judgment affirmed.