## BLACK ET AL. *v.* ERVIN.

[No. 19,143. Filed June 28, 1961. Rehearing denied August 17, 1961. Transfer denied November 16, 1961.]

*Rockhill, Vanderveer, Kennedy & Lee,* of Warsaw, for appellants.

*Widaman, Bowser & Widaman,* of Warsaw, for appellee.

GONAS, J.—A dispute arose between appellants and appellee as to the boundaries of the land included within the terms of a lease and as to the rights granted by the lease. Appellee, as a remote assignee of the lease and the owner of a building on the leased premises brought this action against appellants, successors in interest to the feodum simplex title of the real estate, seeking damages for trespass and injunctive relief. Judgment was rendered in appellee's favor, in which judgment the court set forth a specific description which it found to be the land intended to be covered by the lease.

Error is assigned in the overruling of appellants' motion for new trial, the grounds for which are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The lease reads as follows:

"This Indenture Witnesses, That, James B. Black, party of the first part, of Kosciusko County, in the State of Indiana, has this day demised and leased, to Julius D. Hobson, party of the second part, and to his executors, Administrators, and assigne-s, the following premises abutting upon lake Tippecanoe, in said county and State, to-wit:—

A certain tract of land now owned by party of the 1st part, on which party of the 2nd part now owns a cottage, and known as a grocery property, said lot to be the ground that the grocery building now occupies, facing lake Tippecanoe, together with the

rights, priveleges and appurtances, belonging to the same, to have and to hold so long as rent hereafter stipulated, is paid,

and the party of the 2nd part hereby agrees to pay to said party of the 1st part, or order as rent for said premises, at the rate of $10.00 per year, the said rent to be paid to party of the 1st part, on or before the 1st day of July of each year, beginning on the 1st day of July 1919. without relief from valuation or appraisment laws, the condition of this lease are that the premises are to be used and occupied by said party of the 2nd part, for a residence or a Store, and for no other purpose, if the party of the 2nd part failes to pay the payments herein provided, for within 60 days after the 1st day of july, of each year, then party of the 2nd part shall have no futher right- title or interest, in and to said premises, it is futher understood and agreed that the party of the 2nd part with a road or lane sufficiently wide for VehicXles to pass to and from the premises of party of the 2nd part to the public highway,

in consideration of $1.00 paid by party of the 2nd part, the receipt of which is hereby acknowlrdge-by party of the 1st part,

Witnesseth our hands and seales this 1st day of July 1919.

/s/ JAMES B BLACK    seal,
/s/ JULIUS D. HOBSON    seal,

Appellants challenge the court's finding that the lease created a tenancy in perpetuity, and also claim that if the lease is valid then appellee has forfeited her rights through non-payment or non-tender of rent. Their latter proposition is not supported in the argument portion of their brief by any authority as required by Rule 2-17, and is therefore waived. We do note that there was some evidence of a tender for one year, and that there is evidence that a tender would be unavailing.

The law does not favor perpetual leases and the instrument will not be construed as such unless the lease

provides therefor in plain and unambiguous language; a lease will be construed if possible so as to avoid a perpetuity. *Geyer* v. *Lietzan* (1952), 230 Ind. 404, 103 N. E. 2d 199. Considering all the provisions of the lease, we conclude that the trial court did not err in construing the instrument in question to be a "perpetual lease." We note also that some courts consider the practical construction put upon the lease by the parties. 31 A. L. R. 2d 608, 625 (Annotation). Here the lessee and his assigns have been in possession under the lease for more than thirty-five years.

Appellants, in their argument state that the lease is invalid and unenforceable for want of a definite description, but they also state: "From the lease itself, in wholly unambiguous language; the ground that the grocery building does not occupy, is all of the land that was demised, except for a roadway for access to and from said property and the public highway." From this and other statements in their brief we gather that appellants' real position is not that the lease is invalid and unenforceable for want of a definite description, but the substance of their complaint is that the injunctive relief was given as to definitely described real estate beyond that included in the lease.

A written lease, like other written agreements, must be so construed as to give effect to the intention of the parties and in arriving at the intention of the parties, the subject matter, the situation of the parties, and the object to be accomplished, are all to be considered. *Burdick Tire & Rubber Co.* v. *Heylmann* (1923), 79 Ind. App. 505, 138 N. E. 777; I. L. E. *Landlord and Tenant* §43; 51 C. J. S. *Landlord and Tenant* §232 (j) 876, 877.

As a general rule, everything which belongs to the demised premises or is used with, and appurtenant to

them and which is reasonably essential to their beneficial use and enjoyment passes as an incident to them, unless specially reserved. 51 C. J. S. *Landlord and Tenant* §§293, 946; 288, 942. A similar rule obtains in the case of deeds. Thus, generally, where the lease or deed is of a building such lease or deed includes adjacent land of the lessor or grantor which is used with the building as necessary to its proper occupation for the purpose for which it was intended. 51 C. J. S. *Landlord and Tenant,* §§289, 943, 944. See also, 32 Am. Jur., *Landlord and Tenant,* §§167, 161; 16 Am. Jur., *Deeds,* §§280, 596.

". . . The term 'appurtenances' in a lease includes incorporal easements, rights, and privileges, although not land, and gives to the tenant whatever is attached to, and used with, the premises as incidental thereto and convenient or essential to the beneficiary's use or enjoyment thereof. . . ." 51 C. J. S. *Landlord and Tenants,* §§293, 946; See also 16 Am. Jur. *Deeds* §§290, 602.

Where a lease is ambiguous, the practical construction placed on it by the parties, as manifested by their acts, is resorted to in order to ascertain their true intentions. I. L. E. *Landlord and Tenant,* §46; *G. S. Suppiger Co.* v. *Summit Gas & Water Co.* (1949), 119 Ind. App. 102, 84 N. E. 2d 207; 51 C. J. S. *Landlord and Tenant,* §430, 680; 32 Am. Jur., *Landlord and Tenant,* §§127, 131, 132; *Hook Drug Company* v. *Kandis Brothers* (1930), 91 Ind. App. 472, 169 N. E. 596.

In this case evidence was heard which apparently would have a bearing on the land of the lessor used with the building and would tend to show what land was necessary for its proper occupation. It appears that a blackboard diagram or dia-

grams were used in connection with the testimony, which diagrams are not in the record here. Witnesses pointed out and indicated various objects and their relative position on the blackboard. The result is that such testimony as it appears in the record is unintelligible. It is evident that important evidence was before the trial court and was considered by the trial court but such evidence is not shown by the bill of exceptions. We cannot determine any question which depends upon such evidence. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235; *Westervelt* v. *National Paper etc. Co.* (1900), 154 Ind. 673, 57 N. E. 552; *South Bend, etc., Co.* v. *Geidie* (1900), 24 Ind. App. 673, 57 N. E. 562; *Standley* v. *Cleveland etc. R. R. Co.* (1905), 36 Ind. App. 381, 75 N. E. 674; *Wabash, etc., Cement Co.* v. *Evarts* (1923), 79 Ind. App. 371, 135 N. E. 491.

No error requiring a reversal of the judgment is presented, and the judgment is therefore affirmed.

Pfaff, C. J., Kelley and Bierly, JJ., concur.

NOTE.—Reported in 176 N. E. 2d 142. Transfer denied, Landis, C. J., in which Jackson, J., dissents.