Filed October 30, 1895.

---

No. 1,728.

## City of Lebanon *v.* Twiford.

STATUTE OF LIMITATIONS.—*Six-Year Statute.*—*Damages by Overflow Water.* — *Ditch.* — *Lateral Drains.* — An action for damages by reason of overflow water caused by the construction of lateral drains, thereby overtaxing the main ditch with water that would not naturally flow therein, is not barred by the six-year statute of limitation where it does not appear from the complaint that the lateral drains had been constructed six years prior to the commencement of the action.

SAME.—*When Exceptions Must Be Answered.*—Exceptions to the statute must be answered, unless the complaint on its face shows that the action is barred notwithstanding the exception.

SPECIAL VERDICT.—*Amount of Damages.*—*Venire de Novo.*—Where, in an action for damages, the jury found that "plaintiff's real es-

tate " was "overflowed and thereby reduced in value the amount of $——, and his crops growing thereon in the past six years prior to the 8th of March, 1894, have been damaged in the amount of $25.00," and that "If from the foregoing facts the law is with the plaintiff, we find for the plaintiff and assess his damages at —— dollars," it is sufficiently clear that the jury intended to assess the plaintiff's damages in the sum of $25.00, and there was no error in overruling a motion for a *venire de novo* based on such finding.

CONTRIBUTORY NEGLIGENCE.—*Not Regarded in Action for Positive Aggressive Wrong.*—Where the defendant is charged with having committed a positive aggressive wrong, as the maintenance of a nuisance, the defendant is liable to the plaintiff regardless of the question of contributory negligence.

From the Montgomery Circuit Court.

*Artman & Lewis*, for appellant.

*Abbott & Ratcliff*, for appellee.

LOTZ, J.—The appellee brought this action against the appellant to recover damages for injuries done his real estate caused by overflowing waters. The first assignment of error calls in question the sufficiency of the complaint.

The complaint alleges, in substance, that for twenty-five years the plaintiff was the owner of a tract of real estate consisting of about one acre situate within the corporate limits of the city of Lebanon; that said real estate is what is known as low or swamp land and was used by the plaintiff for gardening purposes; that prior to the grievances complained of, the plaintiff had the lands sufficiently drained by tile drains; that a large portion of the city of Lebanon is situate upon adjoining and higher lands, and that the surface waters of a part of said city naturally drains into the valley where plaintiff's lands were situated, and then emptied in Prairie creek, a natural watercourse; that about ten years before the commencement of this action the defendant constructed a tile drain through said valley and near plaint-

iff's land, to carry the surface waters from the streets and alleys to Prairie creek, and constructed in said drain a catch-basin near plaintiff's lands; that such tile drain as constructed was barely sufficient in capacity to carry off the surface waters naturally draining into said valley; that subsequently to the construction of said tile drain the city constructed other lateral drains which emptied in the said main tile drain above the catch-basin, and so graded its streets and alleys and the gutters thereof, as that the surface waters were collected into a body and cast in the lateral drains; and that the city so constructed its streets, alleys and gutters in other portions of the city as that the surface waters which naturally flowed in another direction were diverted and caused to flow into the lateral drains; that the main drain did not have sufficient capacity to carry off the waters thus thrown into it and that the waters thus collected into the main drain overflowed at the catch-basin and thence over plaintiff's lands, rendering it unfit for cultivation and destroying his crops.

The only objection made to the complaint is that the cause of action is barred by the six-year statute of limitations. It is insisted that the complaint shows that the action accrued at the time of the construction of the main drain and as that was more than six years before the action was instituted, the cause is barred. We do not concur in this insistence. It does not appear that the lateral drains were constructed more than six years before the commencement of the action. Again there are exceptions to the six-year statute, and the rule is that the exception must be answered unless the complaint on its face shows that the plaintiff is barred, notwithstanding the exception. *Christian* v. *State, ex rel.,* 7 Ind. App. 417; *De Vay* v. *Dunlap,* 7 Ind. App. 690. The complaint here does not disclose that the plaintiff is barred, not-

withstanding the exceptions to the statute.    There was no error in overruling the demurrer.

The appellant answered the complaint by the general denial and the six-year statute of limitations.

The appellee replied the general denial to the second paragraph, and also filed a special paragraph of reply. The appellant moved to strike out the second paragraph of reply, and upon this motion being overruled, filed a demurrer for want of facts.    This demurrer was overruled.    These rulings are assigned as error.

The second paragraph of reply was only an *argumentative* general denial and there was no available error in overruling the motion to strike it out or in overruling the demurrer to it.

The cause was tried by a jury, and a special verdict returned.    The appellant made a motion for a *venire de novo*.    This motion was overruled and this ruling is one of the errors assigned.    Several causes for the motion were assigned, but the only one discussed by appellant's counsel is that the special verdict fails to assess the plaintiff's damages.    That portion of the verdict relating to the assessment of damages is as follows :

"The plaintiff's said real estate is thereby overflowed and thereby reduced in value the amount of $——, and his crops growing thereon in the past six years prior to the 8th of March, 1894, have been damaged in the amount of $25.00.    If from the foregoing facts the law is with the plaintiff, we find for the plaintiff and assess his damages at —— dollars.    If the law is with the defendant, we find for the defendant."

When this verdict was returned, and before it was received by the court, the appellee moved the court to require the jury to return to the jury-room and correct the verdict by assessing plaintiff's damages, which motion was sustained, and the court instructed the jury to

correct the verdict in accordance with the motion.  The jury retired for further consideration, but again returned the same verdict.

It is the duty of a jury trying a cause to assess the damages.  If it fail to do so the court cannot make the assessment.  But whenever the intention of the jury is manifest so that the finding upon a point can be determined, it is the duty of the court to mould the verdict into proper form and give it due legal effect.  Elliott Gen. Prac., section 947.  If the verdict find such facts as leave nothing for the court to do but to make a mathematical calculation, it may then fix the amount of damages or recovery.  *Wainright* v. *Burroughs,* 1 Ind. App. 393 ; *Johnson* v. *Bucklen,* 9 Ind. App. 154.

Here the appellee asked damages for injury to his real estate and to his crops, the jury in one item assessed the damages to the crops and failed to assess any damages as to the lands.  The clear intention of the jury was to assess the plaintiff's damages in the sum of $25.00, and it was for this amount that the court rendered judgment. There was no error in overruling the motion for a *venire de novo.*

The appellee and appellant each moved for a judgment in his favor on the verdict.  The appellee's motion was sustained and the appellant's overruled.  These rulings are assigned as error.

The appellant insists that the facts found in the special verdict fail  to show that the appellee was free from contributory negligence ; that he took no measures to prevent the overflow.  He was not required to negative contributory negligence.  The appellant was charged with having committed a positive aggressive wrong, the maintenance of a nuisance, and it was liable to the appellee independently of the question of negligence.  *Stein* v. *City of Lafayette,* 6 Ind. App. 414.

The special verdict finds every fact essential to support the judgment for the $25.00 damages to the crops. It shows that the appellant collected the waters in a channel or drain and failed to furnish a sufficient outlet, and cast them on appellee's lands and damaged his garden and crops.

The last assignment of error relates to the overruling of the motion for a new trial.

It is contended that the verdict is contrary to the evidence and contrary to the law. Whilst the evidence is conflicting on some of the material matters, we are of the opinion that there was some evidence tending to support the verdict in every material respect.

Judgment affirmed.

