CORA IRENE CRASE *v.* HIGHLAND VILLAGE VALUE PLUS PHARMACY

[No. 1-777A145. Filed March 30, 1978]

*David S. McCrea, McCrea & McCrea,* of Bloomington, for appellant.

*Gary J. Clendening, William K. Steger, Bunger, Harrell & Robertson,* of Bloomington, for appellee.

ROBERTSON, J. — On April 9, 1976, plaintiff-appellant Cora Irene Crase filed a complaint for damages against Highland Village Value Plus Pharmacy (Pharmacy) for an alleged false imprisonment. Crase appeals the decision of the trial court which granted the defendant-appellee Pharmacy summary judgment.

The facts are as follows. On May 17, 1975, Crase completed her business in the Pharmacy and left the premises. She entered the adjacent grocery and shortly thereafter was stopped by William Cowden. Cowden tapped her on the shoulder and said, "Ma'am, would you come outside, I'd like to talk to you." Crase, who did not know Cowden, was reluctant to accompany him. She asked, "Well, who are you and what do you want?" After Cowden identified himself as a police officer and displayed his badge, she followed him outside. Cowden then said, "Ma'am, you know that stuff you were looking at in there?" Crase answered, "Yes", and Cowden continued, "Well, there was seven of them on the stack and now there is only six. You didn't pay for one." After stating that she had laid it back on the shelf, Crase offered to accompany Cowden back into the pharmacy in order to prove to him

that she had not stolen anything. At this point, Cowden said that he did not want to cause a scene but that normally people are arrested for shoplifting. In a further attempt to vindicate herself, Crase emptied her purse. Cowden then apologized, and, after suggesting that Crase might want to talk to the manager, he departed.

After Crase completed her grocery shopping, she returned to the pharmacy for the purpose of reporting the incident to the manager but was too upset to speak with him. In her deposition, Crase listed doctor visits and a detrimental effect on her job as being caused by the incident.

It is Crase's contention that there was a genuine issue of material fact concerning whether she was falsely imprisoned by the Pharmacy's agent, who, allegedly without probable cause, stopped and interrogated her outside an adjacent grocery store.

A motion for summary judgment may be sustained where the pleadings and other matters filed with the court reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C); *Cunningham* v. *Universal Battery Division-Yardney Electric Corp.* (1976), 170 Ind. App. 166, 352 N.E.2d 83. In determining whether a genuine issue of material fact exists, the facts established by the opponent must be taken as true and all doubts must be resolved against the proponent of the motion. *Union State Bank* v. *Williams* (1976), 169 Ind. App. 345, 348 N.E.2d 683. With this standard of review in mind, we address Crase's appeal.

The essence of Pharmacy's memorandum in support of its motion for summary judgment was that Cowden's conduct did not constitute an arrest or detention and that even if it did, he had probable cause to believe a theft had taken place and therefore had a right to detain Crase.

The trial court, in granting Pharmacy's motion for summary judgment, found that "the facts most favorable to the plaintiff herein do not show any acts on the part of the defendant or its agent which constitute an actionable arrest, confinement, detention or imprisonment." The trial court found further that Crase could not have sustained any damages attributable to Pharmacy or its agent.

While the trial court did not articulate any specific basis for the granting of summary judgment, we infer from the language of the order either or both of two likely bases. The first is that Crase did not present a *prima facie* case of false imprisonment; the second is that the trial court determined, as a matter of law, that there existed probable cause to detain thus providing Pharmacy with a statutory defense to the complaint.[1]

False imprisonment has been defined as an unlawful restraint upon one's freedom of locomotion or the deprivation of liberty of another without his consent. 14 I.L.E. *False Imprisonment* § 1 (1959); *Brickman* v. *Robertson Brothers Department Store* (1964), 136 Ind. App. 467, 472, 202 N.E.2d 583, 586.

In *Brickman*, the plaintiff obtained permission to exchange some socks, then proceeded to make the exchange himself. After the plaintiff exited the store, the store detective grabbed his arm, stopping his forward progress, and in a voice carrying authority ordered the plaintiff back into the store. This court concluded that Brickman had made a *prima facie* case of false imprisonment.

Similarly, we conclude that the facts contained in Crase's pleadings and affidavit, when taken as true, would permit an inference that there was an unlawful restraint upon Crase's freedom of locomotion or deprivation of her liberty without her consent. Thus, it is our view that Crase has presented a *prima facie* case enabling her to overcome a motion for summary judgment directed to this point.

As Crase's and Cowden's accounts of the incident are in conflict in some significant respects, there is indeed a question of fact present, and questions of fact relating to the existence and involuntary character of a detention are to be determined by the trier of fact. 35 C.J.S. *False Imprisonment* § 59 (1960).

Our determination that there are material questions of fact regarding the existence and involuntary character of a detention does not automatically dictate reversal and remand of this case. The mercan-

---

1. IC 1971, 35-3-2-1 and 35-3-2-3 (Burns Code Ed.), as set forth hereinafter.

tile setting of the alleged detention raises the possibility that the summary judgment was granted because the trial court found there was, as a matter of law, probable cause to detain Crase.

Subsequent to the *Brickman* decision, the Shoplifting Detention Act[2] was enacted which permitted a security agent of a mercantile establishment to lawfully detain a person for a reasonable time. IC 1971, 35-3-2-1 (Burns Code Ed.), provides as follows:

> An owner, operator, manager, employee over the age of eighteen [18] years or security agent of a mercantile establishment who has probable cause to believe that a theft has occurred or is occurring on or about said mercantile establishment and who has probable cause to believe that a specific person has committed or is committing the theft, may detain that person to require such person to identify himself, to verify such identification, to determine whether such person has in his possession unpurchased merchandise taken from such mercantile establishment, to inform the appropriate peace officers, or to inform the parents or other private persons interested in the welfare of the person detained. Such detention shall be only for a reasonable time, not to extend beyond the arrival of a peace officer or one [1] hour, whichever first occurs, and in a reasonable manner.

Further, IC 1971, 35-3-2-3 (Burns Code Ed.) provides:

> No civil or criminal action against an owner, operator, manager, employee or security agent of a mercantile establishment or a peace officer shall be based upon a lawful detention as provided for in section 1 [35-3-2-1] of this act; Provided, however, the defendant in any such action shall have the burden of proof that he acted with probable cause as provided for in section 1 [35-3-2-1] of this act.

It seems clear that the Shoplifting Detention Act was a response by our General Assembly to a long continuing epidemic of shoplifting which has beset merchants. The purpose of the Act was to provide some measure of immunity from liability for a merchant or one acting in his behalf where such merchant or one acting in his behalf detains someone suspected of theft of the merchant's property.

The Act did not, however, confer absolute immunity from liability. The protection of the Act is not extended unless there is *probable cause*

---

2. IC 1971, 35-3-2 (Burns Code Ed.). Repealed effective October 1, 1977, and replaced by IC 1971, 35-3-2.1 (Burns Code Ed., Supp. 1977).

*to believe* both that a theft has occurred or is occurring on or about the mercantile establishment and that a specific person has committed or is committing the theft. It is this "probable cause to believe" which makes a detention under IC 35-3-2-1 lawful, and if a detention is lawful, by definition, it cannot constitute false imprisonment.

> Although the Shoplifting Detention Act provides a statutory defense to an action for false imprisonment, the defendant in such an action still has the burden of proof to demonstrate that probable cause to detain existed.

In the instant case, we note that Crase's account of the events leading up to the confrontation with Cowden is susceptible of a reasonable inference that there was no probable cause to believe that a theft had been or was being committed. Further, Crase's and Cowden's accounts of these events regarding probable cause are controverted and must await a determination by the trier of fact. Thus, the court could not, at this juncture, properly have concluded that Pharmacy had a statutory defense as a matter of law and could not properly have based the summary judgment on such a defense.

The court, in *Pierce v. Ford Motor Co.* (4th Cir. 1951), 190 F.2d 910, stated:

> "It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented."

As we have concluded that it is not "perfectly clear" that there was no detention or that Cowden had probable cause to believe a theft had been or was being committed, we must reverse and remand for a trial on the merits.

Reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 374 N.E.2d 58.