The CITY OF EVANSVILLE, Deig Brothers Lumber & Construction Company, Inc., Defendants-Appellants,

v.

William E. RIEBER and Christa Rieber, Plaintiffs-Appellees.

No. 1–878A218.

Court of Appeals of Indiana, First District.

Jan. 30, 1979.

and authorized construction of certain curbs, gutters, street gradings, and storm sewers.

## FACTS

City designed certain curbs, gutters, street gradings, and storm sewers. Deig Brothers Lumber & Construction Company, Inc. (Deig Brothers) performed construction work. The Riebers filed their complaint April 23, 1974. They alleged in Count I that, as a result of negligent design and construction of the curbs, gutters, street gradings, and storm sewers, surface water collected on their real estate and caused damage to the Riebers' home. In Count II the Riebers alleged that the construction of the curbs, gutters, street gradings, and storm sewers caused large volumes of surface water to collect on the Riebers' real estate and resulted in a nuisance.

Trial commenced March 15, 1978. The jury returned a verdict in favor of the Riebers and awarded damages in the amount of $15,000. Deig Brothers previously had paid $1,000 to the Riebers in return for a covenant not to sue. Accordingly, the $1,000 paid by Deig Brothers was credited against the $15,000 award.

## ISSUES

1. Did the Riebers give City proper notice of their claim?

2. Did the trial court err when it admitted testimony from an expert witness whom the Riebers failed to include in their list of witnesses?

3. Was certain evidence of damages admitted erroneously?

4. Did the trial court err in refusing certain instructions and in giving certain instructions?

5. Is the award of $15,000 supported by sufficient evidence?

*Issue One*

■ City insists that the Riebers failed to give City notice of their claim for damage which occurred June 30, 1973, as required

Department of Law, City of Evansville by John C. Cox and Barbara B. Williams, Evansville, for defendants-appellants.

Robert S. Matthews, Matthews & Shaw, Evansville, for plaintiffs-appellees.

LOWDERMILK, Judge.

## STATEMENT OF THE CASE

Defendant-appellant City of Evansville (City) appeals after a jury awarded plaintiffs-appellees William E. Rieber and Christa Rieber (the Riebers) $15,000 for damage suffered by the Riebers when water collected on their real estate after City designed

by IC 1971, 18–2–2–1 (Burns Code Ed., Supp.1973).[1]

On April 20, 1973, a portion of the front foundation wall of the Riebers' home collapsed. City received a Notice of Claim on June 19, 1973.

Although the Riebers had made repairs to the foundation of their home after April 20, 1973, two thirds of the same basement wall collapsed on June 30, 1973, during a rainstorm. William Rieber wrote to the mayor on July 9, 1973:

"This is to inform you, Mayor Lloyd, of the complete neglect of the drainage problem on Rheinlander Avenue by the City Engineers. Approximately two and one-half years ago, the people in my neighborhood asked for new streets. The reply was that we first must put in curbs and gutters, which we did; and, subsequently, received new streets. Shortly after that, I began reporting the inadequate drainage to the Engineers. During the elapsed period of time, I have made at least five personal calls and fifteen phone calls to get the problem corrected. According to the City Engineers, 7 acres drain into the drain next to my home. This drain was acquired by my next door neighbor signing an easement to the city. It has been two years since the pipe started separating, taking less and less drainage. All of the overflow comes into my yard, as well as the backup coming over the curbs into my yard. The final result has been the collapse of my front basement wall. I have had to evacuate my home and move all my furniture.

Repairing my home would be futile as long as the drainage problems remain. I was assured many times that the problem would be taken care of as soon as funds allow. I can no longer wait for this procrastinating operation. I am homeless and need immediate action. My home is at 806 Rheinlander.

Your prompt attention will be greatly appreciated.

I am presently residing with my sister at 3031 W. Indiana Phone: 422–6778 or may be reached at my office 464–2461."

City insists that the damage which occurred June 30, 1973, necessitated the filing of an additional Notice of Claim, but City provides no argument and cites no authority in support of its proposition.

The June 19, 1973, notice unmistakably informed City of the Riebers' claim against City for damage caused by the drainage situation. City states in its brief that "Mr. Rieber's Notice of Claim dated June 19th as to the April 20th occurrence complied in every respect with the statute."

Any subsequent Notice of Claim could only have informed City that damage to the Riebers' property was continuing due to the same drainage problem described in the No-

1. "48–8001. Notice of claim against cities and towns.—Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any civil city or town that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any civil city or town unless there is first served upon either the mayor or clerk or clerk-treasurer of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. The notice shall be dated and signed by the person giving the same and shall be served as aforesaid so as to be received by some such municipal official aforesaid within sixty [60] days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with the occurrence as the cause thereof, in whole or in part, the notice shall be so served within thirty [30] days after the occurrence. . . . ."

IC 1971, 18–2–2–1 (Burns Code Ed., Supp. 1973) was repealed by Acts 1974, P.L. 142, § 3. For present law see IC 1971, 34–4–16.5–6—34–4–16.5–9, 34–4–16.5–11 (Burns Code Ed., Supp. 1978).

tice of Claim filed June 19, 1973. In fact, William Rieber clearly did inform the mayor in the letter dated July 9, 1973, that the drainage problem persisted and that his property was continuing to suffer damage.

City quotes from the opinion of Chief Justice Givan in *Geyer v. City of Logansport,* (1977) Ind., 370 N.E.2d 333, 336:

"The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. . . ."

We would quote from Justice Hunter's opinion in *Galbreath v. City of Indianapolis,* (1970) 253 Ind. 472, 479–80, 255 N.E.2d 225, 229:

" . . . The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied. . . .* " (Original emphasis)

In *Geyer, supra,* our Supreme Court reaffirmed the reasoning expressed in *Galbreath, supra,* when Chief Justice Givan wrote at page 336 of 370 N.E.2d:

"The question of substantial compliance with this statutory provision was addressed in *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225. . . . This Court held that because plaintiff's husband had in good faith attempted to fully apprise the city of the accident and surrounding circumstances and because the purpose of the notice statute is to advise the city so that it may investigate the occurrence, that statute had in fact been satisfied. This constituted substantial compliance with the statute. See also *Aaron v. City of Tipton* (1941), 218 Ind. 227, 32 N.E.2d 88; *City of Gary v. Russell* (1953), 123 Ind.App. 609,

112 N.E.2d 872; *Volk v. City of Michigan City* (1941), 109 Ind.App. 70, 32 N.E.2d 724.

It is to be noted that in each of the foregoing cases *the plaintiff attempted to render notice to the city and the city possessed a writing of some kind from the plaintiff evidencing the nature of the claim. . . . "* (Our emphasis)

In the case at bar, City had the Notice of Claim filed June 19, 1973. Additionally, City had a letter written to the mayor July 9, 1973, by William Rieber and another letter written to the mayor August 7, 1973, by William Rieber in which Rieber referred to enclosed copies of letters he had written to City's engineer and to a member of City's Board of Public Works. The Riebers did inform City of the nature of their claim. The Riebers, in fact, practically begged City to investigate the drainage problem and all circumstances surrounding the damage that the Riebers suffered. If City did not investigate after having received notice, City's lack of diligence cannot bar the Riebers' claim.

We hold that the Riebers satisfied their statutory duty to give notice of their claim to City.

*Issue Two*

City argues that the trial court erred when it permitted Leo Weiss to testify; the Riebers allegedly had failed to include Mr. Weiss' name on their list of witnesses provided in May of 1976.[2]

 Failure to move for a continuance generally constitutes waiver of objection. *Hirsch v. Merchants National Bank & Trust Co. of Ind.,* (1975) Ind.App., 336 N.E.2d 833. City made no request for a continuance on March 16, 1978. City only argued that Mr. Weiss should not be permitted to testify. City waived its objection.

 Furthermore, the matter of imposing sanctions is within the sound discretion

2. The Riebers have attempted to make certain letters a part of the record on appeal by means of a writ of certiorari. Not all of the material submitted in response to that writ is duly certi-
fied. It is not necessary to rely upon the materials in resolving this issue, however, so we make no further comment upon the matter.

of the trial court. *Hirsch v. Merchants National Bank & Trust Co. of Ind., supra.* The trial court delayed Mr. Weiss' appearance as a witness so that City would have an opportunity to interview him.[3] We find no abuse of discretion.

Finally, City vigorously cross-examined Leo Weiss and offered expert witnesses of its own to refute Weiss' testimony. City has failed to show prejudice.

*Issue Three*

. ▆ The Riebers had voluntarily informed City on November 12, 1976, that costs of repair work at that time totalled $7,986.40. City insists that the Riebers should not have been permitted to introduce evidence of any damages other than those totalling $7,986.40.

The fact that the Riebers voluntarily informed City of certain damages did not prevent the Riebers from presenting evidence of other damages. City had available to it all of the tools of discovery provided by our trial rules. The Riebers cannot be penalized for City's decision to forego discovery efforts.

City also argues that the trial court erred in admitting evidence concerning damages attributable to the collapse of the wall on June 30, and contends that City did not have proper notice of the claim. This argument was answered in Issue One.

*Issues Four and Five*

▆ City insists that the trial court erred when it gave an instruction concerning liability in a nuisance action. City made the following objection at trial:

"The defendant objects . . . for the reason that a municipal corporation is not liable in nuisance for damages caused by surface water pattern changes due to the construction of public works upon municipally owned right of way."

City cites *Rice v. City of Evansville,* (1886) 108 Ind. 7, 9 N.E. 139, and *City of*

*Indianapolis v. Williams,* (1915) 58 Ind.App. 447, 108 N.E. 387, as authority.

In *Williams, supra,* an eleven-year old boy drowned while wading in a stream when he stepped into a hole formed by a sewer emptying into the stream. The Appellate Court affirmed a judgment in favor of Williams, based upon the doctrine of attractive nuisance. While City can select one or two sentences from the opinion in *Williams* that seemingly support City's argument, the facts and issues in *Williams* are so dissimilar to those in the case at bar that *Williams* provides no support for City's contention as expressed in its objection to the instruction.

City makes the statement that " . . . a municipal corporation is not liable in nuisance for damages due to the construction of public works" and cites *Rice, supra,* as authority. The plaintiff in *Rice* sought recovery against the City of Evansville for injuries caused his property by overflows from the sewer system. Plaintiff's theory for recovery in his unsuccessful lawsuit was negligence. Our Supreme Court wrote at pages 8–9 of 108 Ind. at page 139 of 9 N.E.:

" . . . A municipal corporation is responsible for negligence in devising the plan of a sewer, as well as for negligence in carrying the plan into execution, but it is not responsible for mere errors of judgment. If the inadequacy in the size of a sewer is owing to the omission to exercise ordinary skill and care in planning and performing the work, the municipal corporation is liable; but, if the inadequacy of the sewer is attributable to a mere error of judgment, there is no liability. . . . " (Citations omitted)

City errs when it assumes that the statements made with reference to a theory of negligence must apply also to a theory of nuisance.

The case of *City of Lebanon v. Twiford,* (1895) 13 Ind.App. 384, 41 N.E. 844, shows that City's objection to the instruction is far too broad to demonstrate error. Twiford sued the City of Lebanon to recover for

---

**3.** City suggests that it "might" have taken Mr. Weiss' deposition if it had been given notice earlier that Mr. Weiss would testify. Such an indefinite statement does not prove prejudice to City.

injuries caused his real estate by overflowing waters. The municipality had collected surface waters which naturally flowed in another direction and diverted the surface waters to flow into a drain which had insufficient capacity to carry so much water. The Appellate Court affirmed a judgment in favor of Twiford and held at page 388 of 13 Ind.App., at page 845 of 41 N.E.:

"The appellant was charged with having committed a positive, aggressive, wrong, —the maintenance of a nuisance,—and it was liable to the appellee, independently of the question of negligence. . . ."

City has made no objection and no argument to suggest that the evidence did not support the reading of the instruction. Neither has City summarized the evidence presented at trial. This court will not search the record to find error. City has failed to demonstrate error.

City contends that the trial court erred when it rejected an instruction on damages tendered by City. City's instruction would have informed the jury that the proper measure of damages is the difference between fair market value before and after the injury.

In *General Outdoor Advertising Co. v. LaSalle Realty Corp.,* (1966) 141 Ind.App. 247, 265, 218 N.E.2d 141, 151, appear certain rules on the issue of damages:

" . . . in cases of injury to real estate or to that which has no value separate and apart from the real estate, the proper measure of damages is as follows: (1) if the injury is permanent, the measure of damages is the market value of the real estate before the injury, less the market value after the injury; (2) if the injury to real estate is not permanent, then the measure of damages is the cost of restoration. . . ."

At page 267 of 141 Ind.App., at page 150 of 218 N.E.2d, is a definition of "permanent injury":

" . . . one wherein the cost of restoration exceeds the market value of the building prior to the injury. . . ."

This same case, at 141 Ind.App. 269, at page 152–153 of 218 N.E.2d, provides an explanation concerning the burden of proving the proper measure of damages:

" . . . Where the plaintiff submits only evidence of the cost of restoration, it is incumbent on the defendant to show that the 'before and after' test is less. . . . It must be assumed that when the appellee submitted repair costs, it considered the building to be repairable and not permanently damaged. There is testimony to this effect in the record. Indeed it would seem strange to require a party to carry the burden of proof as to a fact which might be adverse to his cause. Consequently, if the appellant was of the opinion that the building was permanently damaged, the burden was on it to demonstrate such and failing to do so, the appellant has waived this question. . . ."

City does not contend that it made any effort to prove fair market value before and after the injury. City cites no evidence in the record proving fair market value before and after the injury.

■■■ The trial court errs if it instructs the jury as to law or legal theory which the evidence does not make applicable to the case. *Chaney v. Tingley,* (1977) Ind.App., 366 N.E.2d 707. If City desired to have its instruction read, it had a duty to introduce evidence in support of its tendered instruction. Because the instruction was not supported by the evidence, the trial court properly rejected it.

City contends that the trial court erred when it instructed the jury that the measure of damages for maintaining a nuisance is the depreciation in rental value. Authority for such an instruction can be found in *Yeager and Sullivan, Inc. v. O'Neill,* (1975) Ind.App., 324 N.E.2d 846, and *Davoust v. Mitchell,* (1970) 146 Ind.App. 536, 257 N.E.2d 332. We note also that City, itself, tendered an instruction comparable to the one given.

■■■ In City's motion to correct errors it contended that the trial court erred in refusing to give City's tendered instruction number six. City has provided no argu-

ment in its brief concerning the refusal of its tendered instruction number six. Accordingly, it has waived any error. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

■ Furthermore, a trial court may properly refuse a requested instruction if the proposition stated in the tendered instruction is sufficiently covered by other instructions given. *Chaney v. Tingley, supra.* The trial court gave a comparable instruction as Court's instruction number six.

City argues that the trial court erred in reading the following instruction:

"If you find, from a consideration of all the evidence, that the plaintiffs are entitled to damages, then, in addition to such damages the plaintiffs shall also be entitled to interest of 8% per year from the date of any losses resulting in such damages."

■ Before prejudgment interest is allowable in a case such as the one at bar, the amount of damages must be ascertainable in accordance with fixed rules of evidence or accepted standards of valuation before trial. *Portage Indiana School Construction Corp. v. A. V. Stackhouse Co.,* (1972) 153 Ind.App. 366, 287 N.E.2d 564.

Before resolving the issue of prejudgment interest, we will consider City's allegation that the judgment in the amount of $15,000 is not supported by sufficient evidence.

The Riebers cite the following evidence in support of the judgment:

| | |
|---|---|
| Repair bill | $1,681.50 |
| Repair bill | 4,371.15 |
| Personal property loss | 1,933.00 |
| Fair rental value loss | 2,480.00 |
| Prejudgment interest | 3,743.21 |
| | $14,208.86 |

The Riebers contend that the balance of the award compensates Mr. Rieber for his work in repairing a downspout, replacing dirt against the foundation of his house, and cleaning the mud from his basement.

■ In the case at bar, a wide disparity exists between damages which the Riebers purportedly proved ($15,000) and the demand figure set forth in their complaint ($20,000). Furthermore, the fair rental value of the Riebers' home was not a matter definitely ascertainable by fixed rules of evidence or accepted standards of valuation before trial.[4] These facts lead to the conclusion that the damages could not be ascertained until judgment. *Portage Indiana School Construction Corp. v. A. V. Stackhouse Co., supra.* Accordingly, prejudgment interest is not proper and the instruction on prejudgment interest should not have been given by the court.

We find the following evidence of damages to which City did not object, did not object properly or which it did not challenge appropriately on appeal:[5]

| | |
|---|---|
| Repair bill | $1,681.50 |
| Repair bill | 4,371.15 |
| Personal property loss | 1,933.00 |
| Fair rental value loss | 2,480.00 |
| | $10,465.65 |

■ This court cannot affirm an award of damages based upon conjecture, speculation, or guesswork. *Daly v. Nau,* (1975) Ind.App., 339 N.E.2d 71.

■ Although Mr. Rieber did testify that he repaired a downspout, replaced some of the dirt against the foundation of

---

**4.** See *Rauser v. LTV Electrosystems, Inc.,* (7th Cir. 1971) 437 F.2d 800, and *Lindenborg v. M & L Builders and Brokers, Inc.,* (1973) 158 Ind. App. 311, 302 N.E.2d 816.

**5.** City has made several statements in its briefs suggesting a challenge to certain evidence and to the computation of damages. City has not pursued its possible arguments, however, as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(7):

" . . . The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

\* \* \* "

his house, and cleaned mud from his basement, the Riebers have not directed our attention to any portion of the evidence which shows the amount of time Mr. Rieber invested in these activities or clarifies the extent of Mr. Rieber's efforts. The jury, as well as this court, could arrive at an award for Mr. Rieber's labor only by guesswork or speculation.

We hereby remand this case to the trial court for modification of its judgment, awarding the Riebers a judgment in the amount supported by the evidence: $10,-465.65.[6] As modified in compliance with these instructions, the judgment of the trial court is affirmed.

LYBROOK, P. J., and ROBERTSON, J., concur.

---

6. Credit should be given for the $1,000 previously paid.