Joseph B. **HALTOM**, Appellant–
Petitioner,

v.

**BRUNER AND MEIS, INC. d/b/a
The Bottom Half, Appellee–
Respondent.**

No. 84A01–9701–CV–9.

Court of Appeals of Indiana.

May 23, 1997.

---

James O. McDonald, Everett Everett & McDonald, Terre Haute, for Appellant–Petitioner.

Brad Bough, Modesitt & Bough, Terre Haute, for Appellee–Respondent.

**OPINION**

ROBERTSON, Judge.

Plaintiff-Appellant Joseph B. Haltom appeals the judgment, after a jury trial, against him in his action against Bruner and Meis, Inc. d/b/a The Bottom Half (Store) alleging various torts including false arrest and imprisonment. The sole issue raised on appeal may be restated as whether the trial court erred by instructing the jury regarding the immunity provided by Indiana's Shoplifting Detention Act, Ind.Code 35–33–6–2 [Act]. We affirm.

FACTS

The facts in the light most favorable to the verdict reveal that a customer had purchased two shirts and a pair of shoes from the Store located at a shopping mall. The store receipt showed that the purchase was made at 10:01 A.M. and totaled $52.50. The customer left the store carrying his purchases in a shopping bag. The customer then stopped to use a pay phone and set the package down at his feet. After finishing his phone call, he walked approximately fifteen feet away before realizing that he had forgotten his package. Although he returned immediately, the package was already gone. The customer,

who had some law enforcement training and experience, returned to the Store and reported to the employees that his package had just been stolen and that they could expect the suspected thief to come to the Store and attempt to obtain a refund for the merchandise. The customer purchased two more shirts to replace those which had been stolen (or lost). This cash register receipt indicated that this transaction took place at 10:28 A.M., only 27 minutes after the first transaction.

Haltom arrived at the Store the next day with the customer's package and requested a refund for the merchandise. The Store employees identified the merchandise and receipt as belonging to the customer as discussed above. The Store employees then detained Haltom until the police arrived, arrested him, and took him into custody. Although criminal charges were filed against Haltom, they were ultimately dismissed.

Haltom filed the present lawsuit and the case was tried to a jury. The trial court gave the following instruction based on the Shoplifting Detention Act as follows:

There exists, under Indiana law, a statute which provides:

(a) "An owner or agent of a store who has probable cause to believe that a theft has occurred or is occurring on or about the store and who has probable cause to believe that a specific person has committed or is committing the theft may:

(1) detain the person and request the person to identify;

(2) verify the identification;

(3) determine whether the person has in his possession unpurchased merchandise taken from the store;

(4) inform the appropriate law enforcement officers; and

(5) inform the parents or others [interested] in the person's welfare, that the person has been detained.

(b) The detention must:

(1) be reasonable and last only for a reasonable time; and

(2) not extend beyond the arrival of a law enforcement officer or two (2) hours, which first occurs."

If you find that the defendant has acted in compliance with this statute and with probable cause, that compliance is a complete defense to actions for false arrest and false imprisonment.

(Quoted portion cites I.C. 35-33-6-2 verbatim).

The jury returned a verdict in favor of Store. This appeal ensued. Additional facts are supplied as necessary.

## DECISION

Haltom relies almost exclusively upon his own self-serving testimony and other evidence in the light most favorable to himself in asserting that the evidence shows that he found the package and returned it to the store in order to see that it got returned to its rightful owner. He argues that, under the circumstances, the Store lacked the probable cause to believe that he had stolen the property. Additionally, Haltom argues that the statute does not apply under the present situation where the undisputed evidence revealed that the property was not "unpurchased merchandise taken from the store" tracking the language of I.C. 35-33-6-2(a)(3). Therefore, Haltom argues the trial court erred by giving the instruction based upon the Act because it instructs the jury as to a legal theory which is not supported by the evidence, citing *City of Evansville v. Rieber*, 179 Ind.App. 256, 385 N.E.2d 217 (1979).

As stated in *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602 (Ind.Ct.App. 1996), *trans. denied:*

When interpreting a statute, the foremost objective is to determine and effect legislative intent. Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. Courts are to examine and interpret a statute as a whole, giving words their common and ordinary meaning, and not overemphasize a strict, literal, or selective reading of individual words. Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. Where possible, every word must be given effect and meaning, and no part is to

be held meaningless if it can be reconciled with the rest of the statute. *Id.* at 605. The Shoplifting Detention Statute was a response by our General Assembly to a long, continuing epidemic of shoplifting and was designed to provide some measure of immunity from liability for a merchant whose agent detains someone suspected of theft. *Crase v. Highland Village Value Plus Pharmacy,* 176 Ind.App. 47, 374 N.E.2d 58, 61 (1978).

█ From a plain reading of the statute, the merchant's limited authority to detain a person suspected of theft is triggered when the merchant's agent "has probable cause to believe that a theft has occurred or is occurring on or about the store." *See* I.C. 35–33–6–2(a); *Crase,* 374 N.E.2d at 61. There is no requirement under the Act that the merchandise involved be that of the merchant.

█ Once the agent's limited authority has been triggered, he has certain powers enumerated in subsections (1) through (5) which he "may" exercise. The term "may" in a statute ordinarily indicates a permissive condition and discretion. *City of Tell City v. Noble,* 489 N.E.2d 958, 961 (Ind.Ct.App. 1986), *trans. denied.* Thus, once the merchant's limited authority is triggered, he may exercise discretion in determining which, if any, of the enumerated powers listed in the subsections of the statute, are to be exercised. That the power enumerated under I.C. 35–33–6–2(a)(3), which permits the agent to determine whether the suspected thief had unpurchased merchandise taken from the store in his possession, has no application in the present case does not somehow disqualify the Store from the protections of the Act. Accordingly, the dispositive issue in the present case is whether the evidence supported the contention that the Store agents had probable cause to believe that Haltom had committed a theft on or about the store so as to trigger the protections of the Act.

█ A merchant who detains a suspected thief under the Act must meet the same requirements for probable cause as a police officer would. *Bowman v. State,* 468 N.E.2d 1064, 1067 (Ind.Ct.App.1984). The Act permits the merchant's agent to effect a warrantless arrest or detention where the facts and circumstances known to the agent at the time of the arrest would warrant a person of reasonable caution to believe the arrestee has committed or is committing a theft on or about the store. *Id.* at 1068—69.

In the present case, the evidence set out in the FACTS section amply supports a finding that the Store agents had probable cause to believe that Haltom had stolen the merchandise. The customer had reported the merchandise as stolen and had alerted the Store employees to expect that the suspected thief would attempt to return the merchandise for a refund. The Store agents had been apprised of the circumstances surrounding the customer's loss of the shopping bag and thus could reasonably infer that whoever had picked it up could have easily discerned who was the rightful owner and returned it immediately. Haltom, in fact, arrived at the store with the customer's merchandise and receipt and requested a refund. The entire transaction took place "on or about the store" as Haltom had taken possession of the customer's merchandise shortly after the customer had left the store and before he had left the mall. Then Haltom went to the Store itself in order to cash in on the merchandise. Under these circumstances, the Store had ample probable cause as required under the Act to detain Haltom. Thus, the evidence supports the giving of the instruction and we find no error.

█ Finally, Haltom argues the Store wronged him because, as the finder of lost or abandoned property, his title to the merchandise was superior to all but the true owner, citing I.L.E. *Property* § 10. Haltom's contention is factually and legally tenuous. However, even if Haltom had some recognizable legal interest in the property, such interest would not somehow invalidate the evidence supporting the Store's contention that it had probable cause to believe that Haltom had stolen the property and thus defeat the protections afforded by the Act. Therefore, we find no error.

Judgment affirmed.

BAKER and STATON, JJ., concur.